REQUESTED BY: Dear Senator Koch:
You have requested our opinion on the constitutionality of the Political Subdivisions Budget Limit Act of 1979 codified as section 77-3412, et seq., R.S.Supp., 1979. While you do not point to any specific legislation in progress which would warrant our response to your question, we assume that you are concerned with the provisions of certain bills now before the Legislature intended to amend certain aspects of both the above cited bill and the Local Option Tax Control Act, sections 77-3401 through 77-3411, R.S.Supp., 1979. For that reason, we proceed to answer your question.
You phrase your question in the following manner:
 "Does the 1979 budget limitation legislation violate one or both of the stated constitutional provisions in that it prohibits the raising of `necessary' revenue through taxation to provide for the required free instruction in the public schools?"
The constitutional provisions to which you refer are Article VII, section 1 and Article VIII, section 1. They provide respectively that, the Legislature shall provide for free instruction in the common schools of the state for all persons between five and twenty-one years of age; and that the necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the Legislature may direct.
In the first instance, we are unable to discern in what manner section 77-3412, et seq., R.S.Supp., 1979, prohibits the raising of the necessary revenue or prohibits the provision of free instruction in the common schools of the State of Nebraska. You have not directed our attention to, nor are we aware of, any situations in which any school district has been required to close its doors. Nor are we aware of any instance in which a school district was unable to raise revenue.
The Budget Limitation Acts of 1978 and 1979 were designed to place a ceiling on the increased expenditures by adopting a limitation upon the budget that may be proposed by political subdivisions. These acts do not prohibit the raising of revenue. Nor do that prohibit the expenditure of such money for the purpose of providing education in the common schools without cost.
As you point out in your letter, in this state, and in most states, the Legislature's authority is plenary in the area of taxation. The Legislature is authorized by the Constitution to delegate to subdivisions specific taxing authority. The Legislature has delegated taxing authority to school districts. That authority is exercised locally by the school board. Using these funds coupled with other revenue sources, such bodies have provided education for Nebraska residents. The level of education to be provided is for the governing body as long as it meets the constitutional minimums. Just what those minimums are is largely a legislative determination. The range and breadth of course offering is a policy decision. One method of making that determination is to set the level of financial support. In some measure the lid bills do that.
Your question seems to assume that a limit on the level of tax support of education violates the constitutional provisions. Perhaps a showing could be made in that regard. It would at a minimum require evidence of an almost total failure to meet even the basic educational requirements. No mechanism exists from which we could make such a determination.
We are not unaware of cases such as Collie v.Franklin, 145 N.C. 170, 59 S.E. 144 (1907) or Wilson CityBoard of Education v. Wilson City Board of Commissioners,26 N.C. App. 114, 215 S.E.2d 416 (1975), in which limits on the taxing authority of school boards have been found unconstitutional. Those cases, however, are not relevant to Nebraska. They dealt with a dual system of taxing authority. Nebraska, of course, does not have such a dual approach. Rather, the Legislature in the past has given unlimited taxing authority to some school districts. The Legislature has now seen fit to restrict that unlimited authority in the form of the Budget Limit Act applicable to school districts as well as all political subdivisions. At least in the absence of some showing of a near total lack of provision of educational basics, we do not find that approach by the Nebraska Legislature to be in contravention of any provisions of the Nebraska Constitution.